John Mosley, Appellant, v. William Hundhausen, Appellee.

Gen. No. 6,559.   (Not to be reported in full.)

Appeal from the County Court of Peoria county; the Hon. CHESTER F. BARNETT, Judge, presiding. Heard in this court at the April term, 1918. Affirmed. Opinion filed July 25, 1918.

## Statement of the Case.

Action by John Mosley, a contractor, plaintiff, against William Hundhausen, a subcontractor, defendant, before a justice of the peace. From a judgment for plaintiff for $14, defendant appealed to the County Court. Before the trial in the County Court plaintiff filed a written statement of his demand as follows:

"Four days work at $2.00 per day          $ 8.00
"Damage by water                            10.00
"Loss of rent by delaying work              75.00
                                          ----------
                                            $93.00"

And at the same time defendant filed a statement of his set-off as follows:
"To hauling gravel for said Mosley at his
    request                              32 00/100"

Plaintiff was engaged in repairing a dwelling house and contracted with defendant to do certain cement work on the premises. It was defendant's duty under the contract to haul gravel upon the premises to be used in the work, and he did haul several loads there, but plaintiff became offended because it was hauled there at the particular time and declared the contract rescinded and ordered defendant to remove the gravel, which he did. The testimony was conflicting as to other provisions of the contract, plaintiff claiming that it was agreed that the cement work should not be commenced until the plasterers were out of the way, and because defendant violated this provision of the contract it was declared off and defendant agreed to remove the gravel in three or four days. Plaintiff denied this and said that he was to begin work at once, and while it was true that the contract was declared off and he was to remove the gravel, he was to receive pay therefor. Plaintiff's evidence tended to show that the gravel so left on the premises caused water to run into the basement injuring the building, delaying its completion and putting him to extra expense for labor and depriving him of the use of the premises for some time. A judgment was rendered for $32 in defendant's favor on the counterclaim, from which judgment plaintiff appeals.

SUCHER & MOORE, for appellant.

SCHOLES & PRATT, for appellee.

MR. JUSTICE CARNES delivered the opinion of the court.

### Abstract of the Decision.

1. CONTRACTS, § 389*—*what are questions for jury in action by contractor against subcontractor for damages for failure to remove*

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

Mosley v. Hundhausen, 211 Ill. App. 627.

*gravel.* In an action by a contractor against a subcontractor to recover damages for injury by water to the premises on which plaintiff was working because of the failure of defendant to remove gravel and for extra expense for labor and deprival of use of the premises, the evidence being conflicting, questions for the jury were presented as to the terms of the contract and whether substantial damages resulted from leaving the gravel on the premises more than three or four days.

2. ACTION, § 32*—*what is distinction between action in contract and in tort.* An action in contract is for the breach of a duty arising out of a contract express or implied, while an action of tort is for the breach of a duty imposed by law.

3. ACTION, § 35*—*when action construed as in contract.* If it is not clear to which class an action belongs, whether contract or tort, the action will ordinarily be considered as one in contract.

4. JUSTICES OF THE PEACE, § 269*—*when counterclaim properly interposed.* The counterclaim of the defendant, a subcontractor, for hauling gravel at the request of the contractor, interposed before the trial in the County Court, after appeal from the justice court, of an action by the contractor for damages for injury to the building due to water running into the basement because of the failure of defendant to remove gravel from the premises, and for extra expense for labor and deprival of use of the premises, was properly presented and litigated under section 19 of the Justices and Constables Act (J. & A. ¶ 6915), requiring a statement of set-off in writing before trial, even though plaintiff's action may have been in tort, where plaintiff did not object to the counterclaim when filed, did not object on that ground to the evidence in support of it, but at the close of all the evidence made a motion that the "evidence of defendant be stricken from the record, as a set-off, with reference to the payment" for the gravel, which motion was overruled, and in his bill of exceptions entitled the cause as "Assumpsit," and in his brief recited the acts of defendant upon which he based his claim and said that they were in violation of defendant's contract.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.